U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 3 0 2018
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SANDY RAY DICKERSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:17-CV-071-A |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Sandy Ray Dickerson, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

**I. Factual and Procedural History**

On January 17, 2008, in Criminal District Court Number Four, Tarrant County, Texas, Case Nos. 0966689D and 1043378D, pursuant to a plea agreement, petitioner pleaded guilty to one count of murder and three counts of aggravated robbery with a deadly weapon and was sentenced to 12 years' confinement in TDCJ for each offense, the sentences to run concurrently. (Pet. 12-13, 19-

20, doc. 1.[1]) Having waived his right to appeal as part of the plea agreement, petitioner did not directly appeal his convictions but did file multiple state postconviction habeas-corpus applications challenging the convictions between April 2010 and November 2015. Petitioner filed this federal petition for habeas-corpus relief on January 13, 2017.[2] (Pet. at 11.)

Petitioner raises two grounds for habeas relief alleging that his pleas were involuntary due to the erroneous advice of trial counsel. Specifically, he claims trial counsel erroneously advised him that he would discharge his 12-year sentences at the same time and that he would be eligible for parole after serving three or more years. (Id. at 7.) Apparently, this was not the case because the state trial court awarded 1068 days of jail time credit toward petitioner's 12-year sentence in the judgment in Case No. 0966689D (murder) but only 437 days of jail time credit toward his 12-year sentences in the judgement in Case No. 1043378D (three counts of aggravated assault with a deadly weapon). Respondent contends the petition is untimely under the federal statute of limitations. (Resp't's Preliminary Answer 5-14, doc. 14.)

---

[1] Because there are inserts and various attachments to the petition, the pagination in the ECF header is used.

[2] An inmate's federal habeas petition mailed via the prison mailing system is deemed filed when the document is placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

## II. Statute of Limitations

Title 28 U.S.C., § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

With limited exceptions not applicable here, under subsection (A), the limitations period began to run on the date on which the judgments of conviction became final by the

3

expiration of the time for seeking direct review.[3] For purposes of this provision, petitioner's judgments of conviction became final upon expiration of the time he had for filing a timely notice of appeal on February 16, 2008. Thus, the limitations period commenced the next day and expired one year later on February 16, 2009, absent any tolling.[4] *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Tolling of the limitations period may be appropriate under the statutory tolling provision in § 2244(d)(2) and/or as a matter of equity. Under the statute, petitioner's state habeas applications, all of which were filed after limitations had already expired, did not operate to toll the limitations period. *Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, the petition is

---

[3]The only other possible triggering event in this case is the date petitioner learned of the factual predicate of his claims under subsection (D). However, even if the court were to apply subsection (D), the petition would still be untimely. Petitioner admits he became aware of his time-credit issue as early as February 20, 2008. (Pet'r's Mot. for Summary J. 3, doc. 19.)

[4]Relying on *Rodriguez v. Thaler*, 664 F.3d 932 (5th Cir. 2011), and *Galindo v. Thaler*, No. V-08-56, 2010 WL 774170 (S.D.Tex. 2010), respondent asserts that petitioner's judgments of conviction became final on the date he was sentenced given that he expressly waived his right to appeal each conviction as part of his plea bargain agreement. (Resp't's Preliminary Answer 6-7, doc. 14.) This court has previously rejected this argument. *See Huckaby v. Davis*, No. 4:16-CV-896-A, 2017 WL 6622551, at *4 (N.D.Tex. Dec. 27, 2017); *Schombury v. Stephens*, Case No. 4:14-CV-159-O, 2015 WL 5089546, at *2 n.3 (N.D.Tex. Aug. 28, 2015); *Townsend v. Thaler*, No. 4:11-CV-560-Y, 2012 WL 1030444, at *2 n.2 (N.D.Tex. Feb. 4, 2012), *R. & R. adopted by* 2012 WL 1030405 (N.D.Tex. Mar. 27, 2012). Furthermore, although the Fifth Circuit granted a certificate of appealability in *Rodriguez* as to "whether an appellate proceeding that results in a dismissal pursuant to the enforcement of an appeal waiver . . . constitute[s] 'direct review' under § 2244(d)(1)(A)," the court decided the appeal on another ground. *Rodriguez*, 664 F.3d at 953 n.1.

untimely unless petitioner is entitled to equitable tolling.

Equitable tolling of the statute of limitations is permitted only in rare and exceptional circumstances when an extraordinary factor beyond a petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631 , 649 (2010). Petitioner does not explain his delay in filing his petition and there is no evidence in the record that he was prevented in some extraordinary way from asserting his rights in state or federal court. Instead, he asserts actual innocence as a "gateway" to overcome the expiration of the statute of limitations. (Pet. 10, doc. 1; Pet'r's Mem. 5-6, doc. 2.) However, a petitioner attempting to make a showing of actual innocence is required to produce "new reliable evidence" that was not presented at trial and that is sufficient to persuade the district court that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *McQuiggin,* 569 U.S. at 399 (quoting *Schup v. Delo,* 513 U.S. 298, 327 (1995)). Petitioner makes no such showing. His extreme delay in seeking federal habeas relief further mitigates against equitable tolling. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999).

5

Nor can petitioner rely on the *Martinez* line of cases to excuse his untimeliness. (Pet'r's Mem. 3-6, doc. 2.) This line of cases addresses equitable exceptions to a procedural default. *Martinez v. Ryan,* 566 U.S. 1 (2012) (holding no counsel or ineffective assistance of counsel in state's initial-review collateral proceeding can establish cause to overcome a procedural default of a "substantial" ineffective-assistance-of-trial-counsel claim). The bar to review at issue in this case arises from petitioner's failure to meet the <u>federal</u> limitations deadline under the AEDPA. Thus, the *Martinez* line of cases does not apply to the AEDPA's statute of limitations and cannot be invoked to establish eligibility for equitable tolling. *See Allen v. Davis,* No. 4:16-CV-828-A, 2017 WL 4676817, at *3 (N.D.Tex. Oct. 16, 2017); *Adams v. Stephens,* No. 4:14-CV-395-O, 2015 WL 5459646 at *4 (N.D. Tex. Sept. 17, 2015). *See also Arthur v. Thomas,* 739 F.3d 611, 631 (11th Cir. 2014) (holding the line of cases inapplicable to the AEDPA's statute of limitations); *Bland v. Superintendent Green SCI,* No. 16-3457, 2017 WL 3897066, at *1 (3d Cir. Jan. 5, 2017) (same). Petitioner fails to justify equitable tolling of the limitations period.

Accordingly, absent any applicable tolling, petitioner's federal petition was due on or February 16, 2009. His petition, filed on January 13, 2017, is therefore untimely.

For the reasons discussed herein,

6

It is ORDERED that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred and that his motion for summary judgment be, and is hereby, denied. It is further ORDERED that a certificate of appealability be, and is hereby, denied as petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling.

SIGNED May 30, 2018.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE